## HARTMANN v. TIME, Inc.
### No. 10024.

United States Court of Appeals
Third Circuit

Argued Dec. 23, 1949.

Decided Feb. 15, 1950.

David H. H. Felix, Philadelphia, Pa. (Felix & Felix, Philadelphia, Pa., on the brief), for appellant.

Philip Strubing, Philadelphia, Pa. (Francis H. Scheetz, and Evans, Bayard & Frick, Philadelphia, Pa., on the brief), for appellee.

Before MARIS, GOODRICH, and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

This much-travelled claim of libel has been here before and in the courts of three states and the District of Columbia.[1] The present appeal from a final judgment for the defendant is bottomed upon an erroneous statement of decisive fact in both the brief and the argument of appellant. This error was not pointed out to the court by appellee. The portions of the record which would have revealed the error were not included in the appendix to the brief of either party.

Specifically, appellant contends here that a 1947 judgment of a Michigan court does not make his cause *res judicata* in its entirety, as held by the District Court. In his brief he states that he "filed his complaints and all his amendments in * * * the Michigan action before the end of hostilities in World War II". A portion of the present claim, although relating to the same alleged libel as the Michigan case, is based upon distribution of the libellous matter "subsequent to the termination of the war * * * [in those] countries which before that time had been closed". Appellant asks us to find that this sequence of events places his present complaint, insofar as it relates to post war injury, beyond the reach of the Michigan judgment although the Michigan declaration alleged distribution of the libellous matter in the United States and in foreign countries both at the time of original publication and thereafter.

The opinion of the Michigan court and the amended declaration upon which the

8. Gem Jewelry Co. v. Commissioner, 5 Cir., 165 F.2d 991, certiorari denied 334 U.S. 846, 68 S.Ct. 1516, 92 L.Ed. 1770.

1. The first opinion of this court recites the history of this litigation. Hartmann v. Time, Inc., 3 Cir., 1947, 166 F.2d 127.

Michigan judgment was rendered were made part of the record of this case. We have examined them. Both show, contrary to appellant's brief and argument, that the amended Michigan declaration was filed at a time some eight months after the termination of hostilities in World War II. The fact situation upon which appellant's argument is founded does not exist.

In these circumstances, appellant's attempted distinction for the purpose of *res judicata* between publication of the alleged libel in some places during the war period and elsewhere after the cessation of hostilities is so unsubstantial as to approach the frivolous. It is to say the least extraordinary that error as to the one fact which seemed to give substance to this appeal could have been made by the moving party in first instance and overlooked by both parties thereafter.

The entire controversy presented in this case is *res judicata*.

The judgment of the District Court will be affirmed.